UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH EARL LUCAS,<br><br>Defendant. | CASE NO.: 2:23-cv-02813-MHW-CMV |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff United States and Defendant Joseph Lucas (each a "Party" and collectively the "Parties"), expect that during the course of discovery, or at other times during the pendency of this Action, it may be necessary to disclose certain confidential information, that discovery in the above-captioned case may involve confidential information covered by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq.*, or other relevant statutes, and that such information should be treated as confidential and protected from public disclosure outside of this litigation. The parties assert, in support of this request, that protection of confidential information is appropriate, among other reasons, based on the nature of the claims in this matter, which include allegations of sexual harassment and retaliation. Accordingly, the Parties agree to, and the Court finds good cause for, entry of this Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c).  Nothing in this Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

The Court hereby enters the following Confidentiality Agreement and Protective Order:

1. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

2. **Contact Between the Defendant and Allegedly Aggrieved Persons or Other Witnesses Identified by the United States.** From and after the date of entry of this Order and until such time as this litigation, including any appeals, is concluded, the Defendant or anyone operating on his behalf or on his direction (excluding counsel of record, counsel's employees, or anyone hired by Defendant's counsel for the purpose of representing the Defendant in this action) shall not intentionally contact or attempt to contact any persons identified by the United States in its initial disclosures, discovery responses, or any other document or communication as allegedly aggrieved persons or other witnesses. Defendant's counsel shall not reveal to Defendant the current residential address, email address, or telephone number of any persons identified by the United States in its initial disclosures, discovery responses, or any other document or communication as allegedly aggrieved persons or other witnesses.

3. **Scope of Order.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action, or at any other time during the pendency of this Action, that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof, and all materials produced for settlement purposes  (collectively the "Confidential Information").

4. **Definition of Confidential Information.** As used in this Order, "Confidential

Information" is defined as information that the Producing Entity designates in good faith should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the Parties and/or non-parties. Information or documents that are available to the public may not be designated as Confidential Information. The designation of materials as confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    5.    **Form and Timing of Designation.**

    a.    **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    b.    **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    c.    **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within fourteen (14) days after receipt of the

deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation.

      **d.**    **Non-Producing Party Designations.** Any Party to this litigation may designate materials produced by any other Producing Entity as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" within fourteen (14) days of receipt of those material.

      **6.**    **Inadvertent Failure to Designate.** Inadvertent production of any document or information with the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

    a.    the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

    b.    the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

    c.    if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify

4

the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g. a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or

        destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h.    nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

i.    prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

7. **Protection of Confidential Material.**

    **(a)**    **General Protections.** All information designated "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action and/or any actions that relate to or impact any judgment sought or obtained by the United States of America directly arising out of this action, and any appeals. The Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that

belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

**(b)    Who May View Designated Confidential Information.**    Designated Confidential Information shall be disclosed only to the following persons who agree to be bound by the terms of this protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   i. the United States and its counsel, supervisors, associates, law clerks, secretaries, paralegal assistants, investigators, other administrative staff, and employees, including contractors, of such counsel, and other law enforcement entities and government agencies, as required in the course of business, including the enforcement of federal laws;

   ii. counsel for the Defendant and, when necessary to defend this action, partners, supervisors, associates, law clerks, secretaries, paralegal assistants, investigators, other administrative staff, and employees, including contractors, of such counsel;

   iii. the Defendant, but only in a manner consistent with Paragraph 2 of this Order and only to the extent necessary to further the Defendant's interests in this litigation, provided that in no circumstances would such disclosure include witness current contact information (including phone number, residential address, and/or email address), witness Social Security numbers, or witness birth dates, unless the

|      | |
|------|---|
|      | Defendant was the author or recipient of the document at issue as provided in Paragraph 7(b)(x) below. To the extent that the Defendant reviews witness PHI, or any information related to an individual's medical (including psychological) condition or treatment, the Defendant may not retain copies; |
| iv.  | the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury; |
| v.   | the Court, officers of the Court, and court personnel where any action related to or impacting any judgment sought or obtained by the United States of America directly arising out of this action is filed, including administrative staff, and members of a jury; |
| vi.  | court reporters and videographers retained to take depositions; |
| vii. | any mediator or other individual appointed by the Court or jointly selected by the Parties in this action or any action impacting any judgment sought or obtained by the United States of America directly arising out of this action; |
| viii.| independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation; |
| ix.  | witnesses and potential witnesses (and their counsel) who may testify as witnesses at any deposition or hearing, but only to the |

|      |      |
|------|------|
|      | extent necessary to further the interest of the parties to this litigation; |
| x.   | the authors and the original recipients of the Confidential Information; |
| xi.  | independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, or any action related to or impacting any judgment sought or obtained by the United States of America directly arising out of this action; |
| xii. | employees of the Defendant's insurance companies and associated agents, if applicable, but only to the extent necessary to further the interest of the Defendant and his insurers in this litigation, including but not limited to determining coverage and billing issues; and |
| xiii.| third-party entities, including financial institutions, accountants, financial advisors, social service agencies, local courts, and/or local governmental entities, only for the purpose of responding to subpoenas requesting document productions and/or deposition testimony. |

Prior to being shown any documents produced by another Producing Entity marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 7(b) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order. Any persons described in Paragraph 7(b)(iii), (vii), (viii), or (xiii) to whom Confidential Information is disclosed must complete the certification contained in Attachment A, Acknowledgment and

Agreement to be Bound, the originals of which shall be retained by counsel for the disclosing Party until such time as this litigation, including any appeals, is concluded.

**(c)** **Control of Documents.** The Parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. If a Party wishes to disclose Confidential Information to any persons other than those indicated in Paragraph 7(b), above, the disclosing Party shall obtain written consent from the other Party in advance of such disclosure. If consent to the proposed disclosure is not given, then the disclosing Party may, on motion after conferring with opposing counsel, petition the Court for a determination of these issues.

**8.** **Filing of Confidential Information.** In the event a Party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that Party must take appropriate action to ensure that the Confidential Information within the document receives proper protection from public disclosure, including: (a) filing a redacted (*e.g.*, confidential information removed, at least 4 numbers redacted from phone number, at least two numbers plus street name redacted from residential address, and at least half of the email address redacted) document with the consent of the Party who designated the document as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review in accordance with S. D. Ohio Civ. R. 5.2.1(b); or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with S. D. Ohio Civ. R. 5.2.1(a).

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The Parties understand that the requested documents may be filed under seal only

with the permission of the Court after proper motion. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents. Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

9. **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

10. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any Party. Before filing any motion or objection to a confidential designation, the objecting Party must meet and confer in good faith with the designating Party to resolve the objection informally without judicial intervention. As part of that conferral, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure. A Party that elects to challenge a confidentiality designation may file and serve a motion pursuant to Federal Civil Rule 26(c) that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confi-dentiality designation remains with the Party asserting confidentiality to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). Until the Parties agree or the Court rules on the challenge, all Parties must continue to treat the materials as

Confidential Information under the terms of this Order.

11. **Information in the Public Domain.** No information that is in the public domain shall be deemed or considered to be Confidential Information under this Order.

12. **Discovery.** The Parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. Further, the Parties agree that nothing in this Order concedes that any Confidential Information is discoverable or non-privileged.

13. **Use of Confidential Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial must meet and confer with the opposing Party to ensure Confidential Information is sufficiently protected in a way that does not hinder the prosecution or defense of the case. If the Parties cannot reach agreement on the treatment of Confidential Information, they may bring that issue to the attention of the Court for resolution. The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

14. **Obligations on Conclusion of Litigation.**

   (a) **Destruction of Confidential Information.** Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the Defendant shall certify that he has destroyed all documents designated as containing Confidential Information in his possession, custody, or control, including copies as defined above, in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding this provision,

counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance.  Nor does this provision require a Party to manually delete any data from disaster recovery of backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

**(b)** **Retention of Work Product.**  Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any information or documents designated in this matter as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**15.** **Order Subject to Modification.**  This Order is subject to modification by the Court *sua sponte* or on motion of any Party or any other person with standing concerning the subject matter.  If the Order modification is made by motion, then the non-moving Party shall receive notice and an opportunity to be heard on the proposed modification.

**16.** **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery and settlement discussions in this action.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or

otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law offices, the Parties, and persons made subject to this Order by its terms.

18. **Jurisdiction.**  Except as otherwise set forth in this Order, including in Paragraph 2, this Order shall survive the termination of this action and shall remain in full force and effect to the fullest extent permitted by applicable law unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.  The Parties agree that this Order is not retroactive and that only conduct occurring after entry of this Order shall be governed by this Order.

19. **Applicability to Parties Later Joined.**  If additional persons or entities become Parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

20. **Protections Extended to Third-Party's Confidential Information.**  The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by (and related to) third-parties, if timely requested by the third-party.  Third-parties will be notified of this Protective Order when any Party to this lawsuit requests documents from them.

21. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than ten (10) business days after receiving the subpoena or order.  Such notification shall be made to the attorney of record in this case and must include a copy of the

subpoena or court order.

The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the Court from which the subpoena or order issued. The designating Party bears the burden and the expense of seeking protection in that Court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another Court. The obligations set forth in this Paragraph remain in effect for as long as this Order remains enforceable and while the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

22. **Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this Paragraph.

**23.     Privacy Act and HIPAA Materials**. Subject to the terms of this Protective Order, the Federal Rules of Civil Procedure, and further orders of this Court, the parties shall produce all non-privileged and otherwise unprotected documents responsive to discovery requests, including materials that may otherwise be protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.* ("Privacy Act Materials"), the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq.* ("HIPAA Materials"), provided, however, that any such Privacy Act and HIPAA Materials are designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**IT IS SO ORDERED:**

**DATED:**  _____
**HON. CHELSEY M. VASCURA**
**UNITED STATES MAGISTRATE JUDGE**

**SO STIPULATED AND AGREED BY:**

**FOR THE UNITED STATES OF AMERICA:**

DATED: December 19, 2023

| | |
|---|---|
| KENNETH L. PARKER<br>United States Attorney<br>Southern District of Ohio | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Michael J.T. Downey*<br>MICHAEL J.T. DOWNEY<br>MATTHEW J. HORWITZ<br>Assistant United States Attorneys<br>United States Attorney's Office<br>Southern District of Ohio<br>303 Marconi Boulevard, Suite 200<br>Columbus, OH 43215<br>Phone: (614) 469-5715<br>Email: michael.downey@usdoj.gov | */s/ Erin Meehan Richmond*<br>CARRIE PAGNUCCO<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>ERIN MEEHAN RICHMOND<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street, NE<br>Washington, DC 20530<br>Phone: (202) 532-3906<br>Fax: (202) 514-1116<br>Email: erin.richmond@usdoj.gov<br><br>*Attorneys for Plaintiff*<br>*United States of America* |

**FOR DEFENDANT:**

DATED: December 19, 2023

JOSEPH EARL LUCAS

By:   */s/ David H. Thomas*
     DAVID H. THOMAS, Esq.
     AMY D. VOGEL, Esq.
     Taft Law Firm
     41 South High Street
     Suite 1800
     Columbus, OH 43215
     Phone: (614) 334-6199
     Phone: (614) 334-7138
     Fax: (614) 221-2007
     Email: dthomas@taftlaw.com
     Email: avogel@taftlaw.com

     *Attorneys for Defendant*

ATTACHMENT A

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that s/he has read the Confidentiality Agreement and Protective Order ("Protective Order") dated _____ in the case captioned *United States v. Lucas*, Case No. 2:23-cv-02813-MHW-CMV (S.D. Ohio), and understands the terms thereof and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated as containing Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
                                              Signature