## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : Case No. 2:23-CV-2813 |
| v. | : Judge Michael H. Watson |
| **JOSEPH E. LUCAS,** | : Magistrate Judge Chelsey M. Vascura |
| Defendant. | : |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOSEPH E. LUCAS TO THE UNITED STATES OF AMERICA'S AMENDED COMPLAINT

Comes now Defendant Joseph E. Lucas ("Lucas"), by and through his undersigned counsel, in response to the Amended Complaint ("Amended Complaint") filed by Plaintiff United States of America ("United States") on February 21, 2024 and pursuant to Fed. Rs. Civ. P. 8 and 12, hereby states as follows:

### FIRST DEFENSE

1. In response to the allegations contained in Paragraph 1, Lucas admits the United States brings this action under Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § § 3601-3619.

2. In response to the allegations contained in Paragraph 2, Lucas admits the Court has jurisdiction to adjudicate the claims in the Amended Complaint.

3. In response to the allegations contained in Paragraph 3, Lucas admits venue is proper in this District under 28 U.S.C. § 1391(b).

4. In response to the allegations contained in Paragraph 4, Lucas denies that he resides in Athens County, Ohio.

5. In response to the allegations in Paragraph 5, Lucas admits that Defendant Jacob Bush is his grandson.

6. In response to the allegations in Paragraph 6, Lucas admits that Defendant Jacob Bush resides in Athens County, Ohio.

7. In response to the allegations in Paragraph 7, Lucas admits that Defendant Joie Carr is Lucas' granddaughter.

8. In response to the allegations in Paragraph 8, Lucas admits that Defendants Joie Carr and Jeremy Carr are married. Further answering, Lucas admits that Defendants Joie Carr and Jeremy Carr reside in Athens County, Ohio.

9. In response to the allegations contained in Paragraph 9, Lucas admits that he owned rental properties located in and around Athens County, Ohio during the Relevant Times. Further answering, Lucas denies the remaining allegations and inferences in Paragraph 9 for lack of knowledge or information sufficient to form a belief about the truth of those allegations and inferences because "managed" and "over seventy residential rental properties (the 'Subject Properties')" are vague. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 9.

10. In response to the allegations and inferences contained in Paragraph 10, Lucas admits that he did own residential rental properties that included small single family homes, duplexes, or mobile homes. Further answering, Lucas denies the remaining allegations and inferences in Paragraph 10 for lack of knowledge or information sufficient to form a belief about the truth of those allegations and inferences because the substantive descriptor for the "Subject Properties" in Paragraph 9 of the Amended Complaint is vague. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 10.

11. In response to the allegations and inferences contained in Paragraph 11, Lucas denies the allegations and inferences in Paragraph 11 for lack of knowledge or information sufficient to form a belief about the truth of those allegations and inferences because the substantive descriptor for the "Subject Properties" in Paragraph 9 of the Amended Complaint is vague. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 11.

12. In response to the allegations and inferences contained in Paragraph 12, Lucas denies the allegations and inferences in Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth of those allegations and inferences because "management duties" is vague and because the substantive descriptor for the "Subject Properties" in Paragraph 9 of the Amended Complaint is vague. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 12.

13. In response to the allegations and inferences in Paragraph 13, Lucas denies the allegations and inferences in Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth of those allegations and inferences because the substantive descriptor for the "Subject Properties" in Paragraph 9 of the Amended Complaint is vague; because "[d]uring … part of the Relevant Time Period" is vague; and because the allegations and inferences call for a legal conclusion. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 13.

14. In response to the allegations and inferences contained in Paragraphs 14 and 14(a)-14(h), Lucas denies the allegations and inferences in Paragraphs 14 and 14(a)-14(h).

15. In response to the allegations and inferences contained in Paragraph 15, Lucas admits he met with a prospective female tenant in or around 2004. Further answering, Lucas denies he was looking at the female prospective tenant suggestively. Further answering, and due to the

passage of time, Lucas cannot recall whether he told the prospective female tenant that if she could not pay all of the rent they could "figure something out" and therefore admits same. Further answering, Lucas states he did often allow tenants to split the deposit and first month's rent over several months or even allowed them to clean the property to reduce the rent. Further answering, Lucas is without knowledge or information sufficient to form a belief about the truth of how the female prospective tenant interpreted Lucas' "tone of voice and body language" and her understanding of "figure something else out" for the rest of the rent and therefore denies same. Further answering, Lucas lacks knowledge or information sufficient to form a belief about the truth of the allegations and inferences about the truth of the reason as to why the female prospective tenant decided not to rent from Mr. Lucas and therefore denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 15.

16. In response to the allegations and inferences contained in Paragraph 16, Lucas denies he subjected a female tenant to unwelcome and unwanted sexual comments and looks. Further answering, Lucas denies he made "frequent and unannounced" visits to her home. Further answering, Lucas denies using a key to access the female tenant's home. Further answering, Lucas denies going to the female tenant's home unannounced when her rent was late and saying they "'could come up with some ideas on how to pay rent,' or words to that effect" while looking at her in a suggestive manner. Further answering, Lucas is without knowledge or information sufficient to form a belief about the truth of "[t]he tenant avoided contact with Defendant after this incident, often pretending not to be home when he would visit" and therefore denies same. Further answering, Lucas admits the female tenant moved out. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 16.

4

17. In response to the allegations and inferences contained in Paragraph 17, Lucas is without knowledge or information sufficient to form a belief about what the female tenant observed. Further answering, Lucas denies driving slowly past her home and staring at her home on multiple occasions. Further answering, Lucas is without knowledge or information sufficient to form a belief about when the female tenant was alone and therefore denies same. Further answering, Lucas is without knowledge or information sufficient to form a belief about when and why the female tenant "felt alarmed" and therefore denies same. Further answering, Lucas is without knowledge or information sufficient to form a belief about whether and why the female tenant "began leaving her blinds closed" and therefore denies same. Further answering, Defendant denies using a key in July 2019 and "peer[ing] into the bathroom where she was showering." Further, Lucas is without knowledge or information sufficient to form a belief about whether and why the female tenant was "shocked" and therefore denies same. Further answering, Lucas denies using a key to access the female tenant's home and denies offering "to forgive the rent she owed at that time in exchange for sex" in August 2019. Further answering, Lucas admits to filing an eviction action against the female tenant.  Further answering, Lucas denies using a key to access the female tenant's home unannounced and denies entering the bedroom where the tenant and her child were in September 2019. Further answering, Lucas admits the female tenant moved out. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 17.

18. In response to the allegations and inferences contained in Paragraph 18, Lucas denies all allegations and inferences in Paragraph 18.

19. In response to the allegations and inferences contained in Paragraph 19, Lucas denies all allegations and inferences in Paragraph 19. Further answering, Lucas is without

knowledge or information sufficient to form a belief about what the tenant "understood" and therefore denies same.

20. In response to the allegations and inferences contained in Paragraph 20, Lucas denies all allegations and inferences in Paragraph 20. Further answering, Lucas is without knowledge or information sufficient to form a belief about what the tenant "understood" and therefore denies same.

21. In response to the allegations and inferences contained in Paragraph 21, Lucas denies the allegations and inferences in Paragraph 21.

22. In response to the allegations and inferences contained in Paragraph 22, Lucas denies the allegations and inferences in Paragraph 22. Further answering, Lucas states that whether any alleged actions occurred "within the scope of his agency relationship with Defendants Jacob Bush, Joie Carr, and Jeremy Carr," and whether any alleged actions "were aided by the existence of that agency relationship" call for a legal conclusion and Lucas therefore denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 22.

23. In response to the allegations and inferences contained in Paragraph 23, Lucas states ownership information for the unspecified property referred to in Paragraph 19 is public record. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 23.

24. In response to the allegations and inferences contained in Paragraph 24, Lucas states that whether Defendant Jacob Bush engaged Lucas to "act as [Defendant Jacob Bush's] agent to manage" the unspecified property in Paragraph 19 and that whether Defendant Jacob Bush gave Lucas "the actual or apparent authority" both call for a legal conclusion and therefore

denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 24.

25. In response to the allegations and inferences contained in Paragraph 25, Lucas denies that he engaged in discriminatory conduct. Further answering, whether Lucas was "exercising his authority as agent for Defendant Jacob Bush," and whether "Defendant Jacob Bush is therefore vicariously liable for … Lucas' conduct" both call for legal conclusions and Lucas therefore denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 25.

26. In response to the allegations and inferences contained in Paragraph 26, Lucas states that ownership of the unspecified property in Paragraph 20 is public record. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 26.

27. In response to the allegations and inferences contained in Paragraph 27, Lucas states that whether Defendants Joie Carr and Jeremy Carr engaged Lucas to "act as their agent to manage" the unspecified property in Paragraph 19 and that whether Defendants Joie Carr and Jeremy Carr gave Lucas "actual or apparent authority" both call for a legal conclusion and Lucas therefore denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 27.

28. In response to the allegations and inferences contained in Paragraph 28, Lucas denies that he engaged in discriminatory conduct. Further answering, whether Lucas was "exercising his authority as agent for Defendants Joie Carr and Jeremy Carr," and whether "Defendants Joie Carr and Jeremy Carr are therefore vicariously liable for … Lucas' conduct" both call for a legal conclusion and Lucas therefore denies same. Further answering, Lucas denies all remaining allegations and inferences in Paragraph 28.

29. In response to the allegations and inferences contained in Paragraph 29, Lucas denies the allegations and inferences in Paragraph 29.

30. In response to the allegations and inferences contained in Paragraph 30, Lucas denies the allegations and inferences in Paragraph 30.

31. In response to the allegations and inferences contained in Paragraph 31 and 31(a)-31(d), Lucas denies the allegations and inferences in Paragraphs 31 and 31(a)-31(d).

32. In response to the allegations and inferences contained in Paragraphs 32 and 32(a)-32(b), Lucas denies the allegations and inferences in Paragraphs 32 and 32(a)-32(b).

33. In response to the allegations and inferences contained in Paragraph 33, Lucas denies the allegations and inferences in Paragraph 33.

34. Lucas denies each and every allegation and inference not specifically admitted herein.

35. Lucas denies that the United States is entitled to any of the relief it seeks.

## SECOND DEFENSE

The United States fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The United States' claims fail, in whole or in part, because they are barred by the applicable statute(s) of limitations.

## FOURTH DEFENSE

The United States' claims fail, in whole or in part, because some or all of the allegedly aggrieved victims engaged in fraud.

**FIFTH DEFENSE**

The United States' claims fail, in whole or in part, because some or all of the allegedly aggrieved victims have failed to exhaust all necessary administrative remedies.

**SIXTH DEFENSE**

The United States' claims fail, in whole or in part, because the allegedly aggrieved victims have not been deprived of any rights, privileges, or immunities secured by the Constitution of the United States or federal or state law.

**SEVENTH DEFENSE**

The United States' claims fail, in whole or in part, because the allegations of the Complaint are ambiguous, vague, uncertain and lack specificity such that Lucas cannot adequately respond to the Complaint.

**EIGHTH DEFENSE**

The United States' claims fail, in whole or in part, because Lucas' actions were justified by legitimate business reasons.

**NINTH DEFENSE**

The United States claims fail, in whole or in part, because the allegedly aggrieved victims are not entitled to some or all of the requested relief because Lucas' actions were not intentional, were not willful, and were not taken in reckless disregard of their rights.

**TENTH DEFENSE**

The United States' claims fail, in whole or in part, because of some or all of the allegedly aggrieved victims' claims are barred by their own misconduct and/or unclean hands.

## ELEVENTH DEFENSE

The United States' claims fail, in whole or in part, because the allegedly aggrieved victims were not injured in the manner or to the extent alleged.

## TWELFTH DEFENSE

The United States' claims fail, in whole or in part, because the allegedly aggrieved victims have failed to mitigate their damages.

## THIRTEENTH DEFENSE

The United States' claims fail, in whole or in part, because of the doctrines of waiver, estoppel, set-off, and/or release.

## FOURTEENTH DEFENSE

The United States' claims fail, in whole or in part, because some or all of the allegedly aggrieved victims caused or contributed to cause their own injuries and damages.

## FIFTHTEENTH DEFENSE

The United States' claims fail, in whole or in part, because the some or all of allegedly aggrieved victims violated their rental contracts with Lucas.

## SIXTEENTH DEFENSE

Lucas reserves the right to plead any and all defenses that may be discovered during the course of discovery in this action.

## SEVENTEENTH DEFENSE

The United States' claims fail, in whole or in part, because some or all of the relief requested is limited by federal statutes and/or by the Constitution of the United States and/or by the Ohio Constitution, and/or by Ohio statutes.

**WHEREFORE**, having fully answered the Complaint and having raised the defenses above, Lucas respectfully requests that the United States' Complaint be dismissed in its entirety, on the merits and with prejudice; that judgment be awarded in favor of Lucas along with his costs, disbursements and attorney fees herein, and for such other and further relief as the Court deems equitable and just.

          **RESPECTFULLY SUBMITTED**,

          /s/ David H. Thomas
          David H. Thomas, Trial Attorney (0071492)
          Amy D. Vogel (0075169)
          TAFT STETTINIUS & HOLLISTER LLP
          41 S. High Street, Suite 1800
          Columbus, Ohio 43215-4213
          Phone: (614) 221-2838
          Fax: (614) 221-2007
          dthomas@taftlaw.com
          avogel@taftlaw.com

## CERTIFICATE OF SERVICE

I certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of this electronic filing to all parties and counsel of record.

/s/ David H. Thomas
David H. Thomas