**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:23-CV-02813-MHW-CMV |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| JOSEPH EARL LUCAS, et al. | : | |
| Defendants. | : | |

**MOTION TO INTERVENE OF UNITED OHIO INSURANCE COMPANY**

Now comes United Ohio Mutual Insurance Company ("United Ohio"), by and through counsel, Plunkett Cooney, and respectfully moves this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene as a Defendant in the above-captioned matter to pursue a declaratory judgment against Defendants Joie Carr and Jeremy Carr. United Ohio seeks intervention so that the rights and obligations of the parties can be determined and resolved by this Court as it relates to a policy of insurance United Ohio issued to Defendants Joie Carr and Jeremy Carr.

United Ohio attaches hereto a Memorandum in Support of its Motion to Intervene, which is incorporated herein. In accordance with Civ.R. 24(c), United Ohio also attaches as Exhibit A the pleading setting forth United Ohio's declaratory judgment claim. Finally, a Proposed Order granting this Motion is submitted for the Court's consideration.

    Respectfully submitted,

    */s/ Matthew R. Planey*
    MATTHEW R. PLANEY   (0066662)
    PLUNKETT COONEY
    716 Mt. Airyshire Blvd., Suite 150
    Columbus, Ohio 43235

Tele: (614) 629-3004<br>
Fax: (248)910-4040<br>
Email: mplaney@plunkettcooney.com<br>
<em>Attorneys for United Ohio Insurance Company</em>

## MEMORANDUM IN SUPPORT

**I.   FACTUAL BACKGROUND**

This lawsuit stems from allegations that Defendant Joseph Earl Lucas, over the course of a number of years, has subjected actual and prospective female tenants of various rental properties he managed "to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment, on multiple occasions." (See Am. Comp., ¶ 14.) This includes at least one rental property Defendant Joseph Earl Lucas managed as an agent on behalf of Defendants Joie Carr and Jeremy Carr. (See Am. Comp., ¶¶ 12-13.)

Plaintiff United States of America filed its Amended Complaint herein against Mr. Lucas, as well as Joie and Jeremy Carr on February 21, 2024, "to enforce the provision of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"). Joie and Jeremy Carr have requested coverage for the claims asserted against them in this action under United Ohio Policy No. CPP 0018878, which was issued to J Carr Rental Property, LLC initially for the period January 15, 2014 to January 15, 2015 and for subsequent one-year policy periods thereafter. ("United Ohio policies"). The United Ohio policies may not provide coverage to Joie and Jeremy Carr for the claims asserted against them herein. United Ohio is providing a defense to Joie and Jeremy Carr in this action, but such defense is being provided under a complete reservation of rights.

United Ohio seeks leave to intervene herein as the facts necessary to resolve the issue of whether Joie and Jeremy Carr are entitled to coverage under the United Ohio policies will

be developed in this action. All parties necessary to resolve the dispute as to any coverage owed to Joie and Jeremy Carr under the United Ohio policies are all named parties in this action. Indeed, having all interested parties before a single court can have a salutary effect upon resolution of this action.

Considering the foregoing, United Ohio seeks to intervene herein in order to pursue a declaratory judgment action against Joie and Jeremy Carr concerning the issue related to insurance coverage and/or to submit jury interrogatories at trial of this matter on issues related to insurance coverage.

## II. LAW AND ARGUMENT

Fed. R. Civ. P. 24 recognizes two forms of intervention. Intervention is mandatory as a matter of right when disposition of the action may, as a practical matter, impair or impede a party's ability to protect its interest. Intervention is permissive where the issues involve common questions of law or fact.

### A. Intervention of Right

United Ohio should be permitted to intervene in this action as a matter of right in order to protect its interests. In this regard, according to the Federal Rules of Civil Procedure, Rule 24(a):

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> ****
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

470663

The Sixth Circuit Court of Appeals has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997), citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993). Each of the necessary circumstances exist in the within matter.

For the reasons set forth below, United Ohio meets all the requirements to intervene as of right.

1. **Timeliness of Motion**

The Sixth Circuit has directed district courts to consider the following factors in determining whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstance militating against or in favor of intervention. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989).

The Amended Complaint in this matter was filed in on February 21, 2024. Joie and Jeremy Carr filed their answers to the Amended Complaint on April 19, 2024. As of this time, the Court only recently issued its Preliminary Pretrial Order and set dates and deadlines that will not conclude until August 2025. Further, it does not appear that any discovery has been

470663

conducted as to the merits of the Amended Complaint. United Ohio has acted with all due diligence in order to prepare the Motion to Intervene and proposed Declaratory Judgment Complaint in a timely fashion. As such, this Motion to Intervene is being filed while the case is in its initial stage. Furthermore, intervention would not prejudice the original parties given that no significant discovery has been conducted to date. Therefore, United Ohio's Motion to Intervene is timely.

### 2. Substantial Legal Interest in the Subject Matter of the Case.

There is no clear definition of what constitutes a litigable "interest" for purposes of intervention under Fed.R.Civ.P. 24(a)(2). *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987). The Supreme Court has noted that "[w]hat is obviously meant [by Fed.R.Civ.P. 24(a)(2) ] is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 532, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971). Similarly, the Sixth Circuit has required a "direct, substantial interest" in the litigation which must be "significantly protectable." *Jansen v. City of Cincinnati*, 904 F.2d 336, 341; Grubbs, 870 F.2d at 346. The Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right. *Michigan State AFL–CIO v. Miller*, 103 F.3d at 1245. United Ohio manifestly has a substantial legal interest relating to the subject of this action because of its status as the insurer for Joie and Jeremy Carr, two of the named defendants. Since Joie and Jeremy Carr have sought coverage from United Ohio for the claims asserted against them by Plaintiff's Amended Complaint, United Ohio has a direct pecuniary interest, and thus a "significantly protectable" interest, in the outcome of this case.

5

### 3. United Ohio's Ability to Protect Its Interest May Be Impaired in the Absence of Intervention.

If this action proceeds in United Ohio's absence, United Ohio may be unable to protect its interests. Without United Ohio being a party to this case, the issues regarding insurance coverage provided by the United Ohio policies, which may or may not be present for Joie and Jeremy Carr, would not be addressed by either Plaintiff or Joie and Jeremy Carr. In fact, absent intervention by United Ohio, it is possible that it may be prohibited from arguing a lack of coverage under the United Ohio policies should this matter proceed to a verdict without United Ohio having the opportunity to participate in these proceedings.

While United Ohio's intervention herein adds another layer to this matter, United Ohio does not believe that intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Intervention is the most economical method of addressing such issues because insurer intervention in the underlying action brings all interested parties before a single court. This can have a useful effect upon resolution of the litigation. As explained by the Court in *Allstate Ins. Co. v. Fields*, Case No. 3:04CV7762, 2005 U.S. Dist. LEXIS 6813, at *4:

> There is, moreover, a positive virtue in allowing intervention: [the insurer] can participate fully in the pretrial phase of the litigation, including settlement discussions. This court frequently is called on to postpone trial of an underlying tort action to enable resolution of a coverage dispute. The delay thereby incurred is avoided by allowing the insurance company to participate in the underlying action as an intervenor.
>
> Most coverage actions, moreover, are decided on the basis of summary judgment. Motion practice in this case, including motions for summary judgment with regard to coverage issues, will conclude prior to the trial date. The outcome of that practice will give a measure of certainty to the parties. This, too, may facilitate settlement of the underlying dispute.

6

470663

In fact, denying intervention would likely delay full resolution of this matter. If United Ohio is required to litigate coverage issues elsewhere, such an action will only multiply the time, effort and expense of all the parties, with the additional risk of conflicting determinations of the insurer's various coverage obligations.

Thus, the most prudent way for United Ohio to protect its interests is for it to become a party to this case. The burden of showing that the intervenor's interests are not adequately represented by existing parties is minimal and is met if the applicant shows merely that representation of its interest may be inadequate. *Foster v. Gueroy*, 655 F.2d 1319, 1325 (D.C. Cir. 1981); *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984); *Sanguine Ltd. v. United States Department of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984). Once this minimum burden is met, Civ. R. 24(A) provides that the applicant "shall be permitted to intervene."

    **4.**    **The Parties Already Before the Court Cannot Adequately Protect United Ohio's Interest**.

It should be evident that the existing parties would not adequately represent United Ohio's insurance coverage interests in this action. In this case, United Ohio's interests are certainly not protected by Plaintiff or the various Defendants, including specifically Joie and Jeremy Carr. Indeed, Plaintiff's principal interest is recovering on the claims against the various Defendants, to include recovering monetary damages and payment of any such damages from Joie and Jeremy Carr. In turn, Joie and Jeremy Carr's principal interest is to obtain insurance coverage for their alleged acts and omissions and to have funds available through insurance to pay any damages awarded Plaintiff if they are found to be liable to Plaintiff and each person aggrieved by Defendants' discriminatory conduct.

7

470663

Accordingly, it is respectfully submitted that this Court should allow United Ohio to intervene in the instant case so that it may protect its interests and seek a declaration of its obligations, if any, under the United Ohio policies issued by United Ohio to J Carr Rental Property, LLC.

### B. Permissive Intervention

In the alternative, United Ohio should be permitted to intervene in this action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, which states:

>   (b) Permissive Intervention
>
>   (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> \*\*\*\*
>
>   (B) has a claim or defense that shares with the main action a common question of law or fact.

Pursuant to Fed. R. Civ. R. 24(b), a movant seeking to permissively intervene "must present (1) an independent ground for subject-matter jurisdiction; (2) a claim or defense that has a question of law or fact in common with the main action; and (3) a timely motion." *Nationwide Mut. Ins. Co. v. National REO Management, Inc.*, 205 F.R.D. 1 (D.D.C. 2000) (citing *EEOC v. National Children's Ctr.*, 331 U.S. App. D.C. 101, 146 F.3d 1042, 1046 (D.D.C. 1998). Once these have been established, the court "in its discretion . . . 'shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" Id.

United Ohio has a basis for its own action contesting coverage. It could file an independent action. However, the various policy terms and conditions at issue in the United Ohio policies and any exclusions to coverage contained therein, and coverage under the

United Ohio policies, is potentially contingent upon the outcome of this action. United Ohio's insurance coverage claims have questions of law and fact in common with Plaintiff's Amended Complaint and the claims asserted therein against Joie and Jeremy Carr. United Ohio's position that the United Ohio policies issued to J Carr Rental Property, LLC do not provide liability insurance coverage to Joie and Jeremy Carr arises out of the same factual basis as Plaintiff's Amended Complaint asserting Fair Housing Act claims herein. In determining whether Joie and Jeremy Carr are afforded liability coverage under the United Ohio policies, the Court will apply Ohio law regarding the coverage issues. The motion is timely and will not result in prejudice or undue delay to any of the existing parties.

Accordingly, United Ohio should be permitted to intervene in this action pursuant to Civil Rule 24(b). See, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997); *Grutter v. Bolinger*, 188 F.3d 394 (6th Cir. 1999).

**III. CONCLUSION**

WHEREFORE, United Ohio Insurance Company, by and through counsel, respectfully moves this Honorable Court for an Order allowing it to intervene in the within action.

                    Respectfully submitted,

                    */s/ Matthew R. Planey*
                    MATTHEW R. PLANEY (0066662)
                    PLUNKETT COONEY
                    716 Mt. Airyshire Blvd., Suite 150
                    Columbus, Ohio 43235
                    Tele: (614) 629-3004
                    Fax: (248)910-4040
                    Email: mplaney@plunkettcooney.com
                    *Attorneys for United Ohio Insurance Company*

470663

**CERTIFICATE OF SERVICE**

This is to certify that on this **26th day of June, 2024**, the foregoing document was electronically filed with the Clerk of the United States District Court for the Southern District of Ohio, using the CM/ECF system, which will send notification of such filing to all counsel of record. This document was filed electronically and is available for viewing and downloading from the ECF system.

*s/ Matthew R. Planey*
Matthew R. Planey, Esq.

Open.P1545.P1545.33770086-1

470663