**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**United States of America,**

    **Plaintiff,**

    **v.**

**Mr. Joseph Earl Lucas,** *et al.***,**

    **Defendants.**

**Case No. 2:23-cv-2813**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

The United States of America ("Government") sues Joseph Earl Lucas ("Lucas"), Jacob Bush ("Bush"), Joie Carr ("Mrs. Carr"), and Jeremy Carr ("Mr. Carr," together with Mrs. Carr, "the Carrs") under the Fair Housing Act ("FHA"). Am. Compl., ECF No. 12. United Ohio Insurance Company ("United Ohio") moves to intervene as a defendant in this case. Mot., ECF No. 37. The Carrs take no position, Resp., ECF No. 38, but the Government opposes intervention, Resp., ECF No. 39. For the following reason, United Ohio's motion is **DENIED**.

## I. FACTS

The Government's Amended Complaint alleges the following. From 2003 to at least 2023, Lucas, Bush, Mrs. Carr, and Mr. Carr owned or co-owned more than seventy residential rental properties in southeastern Ohio, and Lucas managed them. Am. Compl. ¶ 9, ECF No. 12. During that time, Lucas "subjected actual and prospective female tenants . . . to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment,

on multiple occasions." *Id.* ¶ 14. Lucas was Bush, Mrs. Carr, and Mr. Carr's agent such that they are vicariously liable for his violations of the FHA. *Id.* ¶¶ 23–30.

In its motion to intervene, United Ohio explains that it issued an insurance policy covering at least one rental property owned by the Carrs and that the Carrs have requested coverage on the Government's claims against them. Mot. 2, ECF No. 37. United Ohio is providing a defense to the Carrs in this action "under a complete reservation of rights" because "[t]he United Ohio policies may not provide coverage to Joie and Jeremy Carr for the claims asserted against them herein." *Id.* Thus, United Ohio wishes to intervene as a defendant and assert a declaratory judgment action against the Carrs. *Id.* at 2–3. United Ohio moves for intervention as of right and for permissive intervention. *Id.* at 3–9.

## II.   STANDARD OF REVIEW

### A. Intervention as of Right

Federal Rule of Civil Procedure 24(a) governs intervention as of right:

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The United States Court of Appeals for the Sixth Circuit interprets Rule 24(a) as requiring a movant to satisfy four elements before a court will grant intervention as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citation omitted). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (internal quotation marks and citation omitted).

As for element (2), the Sixth Circuit takes a "rather expansive notion of the interest sufficient to invoke intervention as of right[,]" and the "inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Miller*, 103 F.3d at 1245 (citations omitted). The interest must be "direct" and "significantly protectable." *Grubbs*, 870 F.2d at 346 (6th Cir. 1989) (citation omitted).

Element (3) imposes a minimal burden and requires the movant to "show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citation omitted).

Element (4) likewise imposes only a minimal burden. *Id.* (citation omitted). "One is not required to show that the representation will in fact be inadequate[;]" instead, "it is sufficient that the movant prove that representation may be inadequate." *Id.* (cleaned up). For example, it may be enough to show that the

existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.* (citation omitted); *see also Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990) ("[E]xisting representation of a 'different' interest may be inadequate" (internal quotation marks and citation omitted)).

On the other hand, there is a presumption that an existing party will adequately represent a putative intervenor's interest if the putative intervenor and the party "have the same ultimate objective." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (internal quotation marks and citation omitted). So, a proposed intervenor cannot show inadequate representation if there is no collusion between the existing party and the opposing party, the existing party lacks (and does not represent) an interest adverse to the proposed intervenor, and the existing party fulfills its duty. *Id.* (citations omitted).

## B. Permissive Intervention

Permissive intervention of private parties is governed by Rule 24(b)(1):

On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

If the movant establishes a common question of law or fact, the court "must consider whether the intervention will unduly delay or prejudice the adjudication

of the original parties' rights" in deciding whether to grant permissive intervention. Fed. R. Civ. P. 24(b)(3).

### III. ANALYSIS

### A. Intervention as of Right

The Government concedes that United Ohio's motion to intervene is timely. But, the Government contends United Ohio cannot establish any of the remaining three elements for intervention as a matter of right: a substantial legal interest, impairment of that interest absent intervention, or inadequate representation of that interest by existing parties.

### i. Substantial Legal Interest

United Ohio contends that it has a substantial legal interest—that is, a "significantly protectable" and "direct" interest—in this FHA case because it insures two of the defendants and may have to pay for any judgment rendered against them. Mot. 5, ECF No. 37. The Government contends United Ohio's interest is merely contingent. Resp. 4–5, ECF No. 39.

The Court agrees with the Government and concludes that United Ohio lacks a substantial legal interest in this case. This is an FHA case, and United Ohio has no direct interest in the FHA issue. Instead, its only interest is whether the insurance policy it issued to the Carrs will be interpreted to cover the Carrs' potential liability under the FHA. That interest is merely contingent to the FHA issues; United Ohio's interest arises only if both the Carrs are found liable and the policy is interpreted to cover the liability. Indeed, "various courts have

routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (citations omitted); *see also, e.g., M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2019 WL 6698365, at *2 (S.D. Ohio Dec. 9, 2019) ("The issues Movants are concerned with involve potential coverage under their insurance policies, which are issues irrelevant to Plaintiff's Trafficking Victims Protection Reauthorization Act . . . claims against Defendants." (citation omitted)); *Microsoft Corp. v. World Tech. Invest. LLC*, No. 1:18-cv-2915, 2019 WL 2314482, at *2 (N.D. Ohio May 31, 2019) ("The Court agrees that an insurer's potential interest in indemnifying Defendants is not enough to satisfy Rule 24(a). Although the factual issues in this suit and State Farm's proposed declaratory judgment coverage claim are factually intertwined, State Farm's interest is contingent."); *United States v. Klosterman*, No. 1:18-cv-194, 2019 WL 13279821, at *1 (S.D. Ohio Apr. 2, 2019) ("[W]hen the insurer agrees to defend the insured under a reservation of rights . . . . the insurer loses its right to intervene except under specific circumstances and intervention as a matter of right becomes unavailable . . . ." (internal quotation marks and citation omitted)); *Adams v. Ohio Univ.*, No. 2:17-cv-200, 2024 WL 474402017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) ("Until Liberty knows whether or not it owes a duty to defend and/or indemnify Defendant Escobedo, it has no direct interest in claims asserted against him in this case. Moreover, Liberty's claims do not relate to the

transaction that is the subject of this suit." (citation omitted)); *Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-1074, 2012 WL 645996, at *1 (N.D. Ohio Fed. 28, 2012) ("Acuity does not have an interest in the subject matter of the underlying action and its interest is neither direct nor immediate."). This Court agrees with the many others that, typically, neither the duty to indemnify nor the duty to defend vests an insurer with a substantial legal interest in an underlying liability suit.

Because United Ohio lacks a substantial legal interest in this case, its motion to intervene as a matter of right is **DENIED**.

### ii. Impairment of Interest

Even assuming at least United Ohio's duty to defend is a substantial interest, *see, e.g., Microsoft Corp.*, 2019 WL 2314482, at *2 ("Unlike the duty to indemnify, the duty to defend is not conjectural."), its motion still fails because that interest will not be impaired absent intervention.

Indeed, United Ohio does not attempt to explain how its interest might be impaired absent intervention. Rather, it argues vaguely that "the issues regarding insurance coverage . . . would not be addressed . . . ." in this litigation and implies that it could face issue preclusion in the coverage dispute if it is not permitted to intervene.[1] Mot. 6, ECF No. 37.

---

[1] It is improper for United Ohio to raise new arguments for the first time in its reply brief, *see* Reply 3–4, ECF No. 40; *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, (S.D. Ohio 2012) ("This Court has explained time and again that a reply brief is not the proper place to raise an issue for the first time." (internal quotation marks and citation omitted)).

The failure to address insurance coverage issues in *this* litigation, however, does not impair United Ohio's interest because it can file a declaratory judgment action in state court. And, because it has moved to intervene here, issue preclusion will not be an issue in that separate suit. *Gehm v. Timberline Post & Frame*, 861 N.E. 2d 519, 523 (Ohio 2007) ("When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues."); *see also, e.g., Microsoft Corp.*, 2019 WL 2314482, at *2 ("State Farm has avoided preclusion with its motion to intervene. Furthermore, State Farm does not explain why it would be unable to timely pursue a state court coverage action."). United Ohio's interest will thus not be impaired in the absence of intervention. *See, e.g., Microsoft Corp.*, 2019 WL 2314482, at *3 ("The Court finds that State Farm's interests will not be harmed absent intervention.").

In sum, United Ohio fails to establish that its interest might be impaired absent intervention, which failure is an additional and sufficient reason to deny its motion for intervention as of right.

---

In any event, United Ohio fails to explain in its reply brief why mounting defense costs would impair its right to recoup those costs in the separate action. Similarly, it could presumably conduct whatever discovery is necessary for its declaratory judgment action in that action. Indeed, its assertion that, absent intervention, its interest in discovery might be impaired, Reply at 3, ECF No. 40, is belied by its later assertion that "United Ohio does not intend to conduct any additional discovery that would not be undertaken in the absence of United Ohio," *id.* at 7.

### iii. Inadequate Representation by Existing Parties

United Ohio contends that the Carrs will not adequately protect United Ohio's interest. Specifically, it argues that the Carrs' "principal interest is to obtain insurance coverage for their alleged acts and omissions and to have funds available through insurance to pay any damages awarded Plaintiff if they are found to be liable . . . ." Mot. at 7, ECF No. 37.

This Court has rejected the notion that a defendant's primary objective in an underlying civil rights case is to obtain insurance coverage, concluding instead that the defendant's primary objective is to avoid liability—which is an interest the defendant's insurer shares. *E.g.*, *In re Hotel Tvpra Litig.*, Case No. 2:22-cv-1924,[2] 2023 WL 823001, at *3 (S.D. Ohio Nov. 28, 2023); *see also, e.g.*, *Microsoft Corp.*, 2019 WL 2314482, at *3 ("While neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the intellectual-property infringement issue that is central to the potential coverage dispute."). Here, both the Carrs and United Ohio have an interest in avoiding liability on the FHA claims. Absent collusion between the Government and the Carrs, evidence that the Carrs will present an interest adverse to United Ohio's, or that the Carrs will fail to defend against the Government's claims, United Ohio fails to overcome the presumption of adequate representation.

---

[2] *In re Hotel Tvpra Litigation* involved twenty-six cases. For brevity's sake, the Court cites to only the first case.

### iv. Conclusion

United Ohio fails to satisfy three of the four requirements for intervention as a matter of right, and each failure serves as an independent ground to deny its motion.

### B. Permissive Intervention

In the alternative, United Ohio seeks permissive intervention. It argues its "insurance coverage claims have questions of law and fact in common with Plaintiff's Amended Complaint and the claims asserted therein against" the Carrs, but United Ohio gives no example of any such common question. Mot. 9, ECF No. 37. Instead, it stresses that the coverage issues are "potentially contingent" on the outcome of the FHA case. *Id.* at 8–9.

The Court doubts that United Ohio's interest in the Carrs' liability means there is a common question of fact or law between the FHA suit and the coverage suit.[3] It is true that the necessity of United Ohio's declaratory judgment action depends, in part, on the Carrs' liability in the FHA case. But the coverage question "requires a separate inquiry into the language of the insurance policies,

---

[3] Because of this finding, the Court need not consider whether permissive intervention would be unavailable given the lack of independent subject-matter jurisdiction over United Ohio's proposed state-law claim against presumably non-diverse parties. *See* 7C Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 1917 (3d ed.) ("[T]hree scenarios involving intervenors are not expressly covered by [28 U.S.C. § 1367's] exclusion [to supplemental jurisdiction]: claims by intervening defendants . . . ."); *Compare* Am. Compl. ¶ 8 ("Defendants Joie Carr and Jeremy Carr are a married couple that reside in Athens County, Ohio") *with* United Ohio's articles of incorporation ("The place in Ohio where its principal office is to be located is the City of Bucyrus, Crawford County), available at https://bizimage.ohiosos.gov/api/image/pdf/B483_0026.

which is wholly separate from the . . . claims in the main action." *M.A.*, 2019 WL 6698365, at *4; *see also, e.g., Adams*, 2017 WL 4618993, at *3 ("Liberty's contract claim is unrelated to Plaintiff's claims for damages flowing from Defendant Escobedo's alleged sexual assault. Liberty thus cannot establish that its claim shares common questions of law or fact with Plaintiff's claims." (citation omitted)). There thus does not seem to be any common factual question. And, as United Ohio admits, the FHA suit depends on federal discrimination law, and the coverage dispute depends on Ohio contract law. Mot. at 9, ECF No. 37.

Even if there were a common factual question, the Court would decline to grant permissive intervention. Adding a declaratory judgment piece to this litigation would interject unrelated, complex legal issues, the resolution of which would almost certainly delay adjudication of the underlying FHA claims. *T.E. v. Wyndham Hotels & resorts, Inc.*, 2024 WL 474400, at *14 (S.D. Ohio Feb. 7, 2024) ("Further, the risk of delay and prejudice weigh against permissive intervention. Introduction of complex coverage issues risk delay and prejudice to the original parties . . . ." (citation omitted)).

Accordingly, the Court **DENIES** United Ohio's motion for permissive intervention.

## IV. CONCLUSION

United Ohio's motion is denied for the reasons stated above. The Clerk shall terminate ECF No. 37.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**