# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     Plaintiff,<br><br>v.<br><br>**JOSEPH EARL LUCAS, et al.,**<br><br>     Defendants. | **Case No.: 2:23-cv-02813-MHW-CMV**<br><br>**JUDGE MICHAEL H. WATSON** |

### JOINT ANSWER OF DEFENDANTS JOIE CARR AND JEREMY CARR TO PLAINTIFF'S SECOND AMENDED COMPLAINT
**(Jury Demand Endorsed Hereon)**

Now come Defendants Joie Carr and Jeremy Carr, by and through their undersigned counsel, and for their Joint Answer to Plaintiff's Second Amended Complaint herein, state as follows:

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 2 of Plaintiff's Second Amended Complaint.

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

4. Defendants admit the allegations as contained in Paragraph 4 of Plaintiff's Second Amended Complaint.

5. Defendants admit the allegations as contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendants admit the allegations as contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Defendants admit the allegations as contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Defendants admit the allegations as contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendants deny or deny for lack of knowledge all allegations as contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendants deny the allegation as contained in Paragraph 13 of the Second Amended Complaint as they pertain to them.  Defendants are without knowledge sufficient to form a belief as to all remaining allegations as contained in said paragraph and not specifically admitted herein.

14. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 14 of Plaintiff's Second Amended Complaint, including all subparagraphs thereto.

15. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendants deny the allegation as contained in Paragraph 23 of the Second Amended Complaint as they pertain to them.  Defendants are without knowledge sufficient to form a belief as to all remaining allegations as contained in said paragraph and not specifically admitted herein.

24. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendants deny or deny for lack of knowledge the allegations as contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendants deny the allegations as contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendants deny or deny for lack of knowledge the allegations as contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendants deny the allegations as contained in Paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations as contained in Paragraph 35 of Plaintiff's Second Amended Complaint as they pertain to them. Defendants are without knowledge sufficient to form a belief as to all remaining allegations as contained in said paragraph and not specifically admitted herein.

36. Defendants deny the allegations as contained in Paragraph 36 of Plaintiff's Second Amended Complaint as they pertain to them. Defendants are without knowledge sufficient to form a belief as to all remaining allegations as contained in said paragraph and not specifically admitted herein.

37. Defendants deny the allegation as contained in Paragraph 37 of Plaintiff's Second Amended Complaint as they pertain to them. Defendants are without knowledge sufficient to form a belief as to all remaining allegations as contained in said paragraph and not specifically admitted herein.

38. Defendants deny all remaining allegations contained in the Second Amended Complaint not previously admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

39. The Second Amended Complaint fails or may fail, in whole or in part, to state a cause of action upon which relief can be granted.

40. Plaintiff has or may have failed to join all necessary and/or indispensable parties to this action and/or otherwise comply with Rule 19 of the Federal Rules of Civil Procedure.

41. At all times pertinent hereto, Defendants acted for legitimate nondiscriminatory reasons.

42. The incident(s) in question and/or the damages claimed herein were or may have been the proximate result of the superseding and/or intervening acts of others not a party to this action and/or over which Defendants had no control.

43. The Second Amended Complaint is or may be barred by reason of the application of the doctrine(s) of waiver, estoppel and/or laches.

44. The Second Amended Complaint is or may be barred, in whole or in part, by reason of the application of the applicable statute of limitations.

45. Defendants' conduct was guided by sound business judgment.

46. Defendants have not engaged in an actionable pattern or practice and/or this matter does nor may not involve an issue of general public importance.

47. Any damages awarded herein, if any, must be reduced in whole or in part due to any failure of the duty to mitigate.

48. At all times pertinent hereto, Defendants acted in concordance with a legitimate business interest, an absolute or qualified privilege and/or were legally justified.

49. The claims brought in Plaintiff's Second Amended Complaint are or may be barred, in whole or in part, by the principles of assumption of risk and/or comparative fault.

50. Defendants' conduct was not sufficiently severe and pervasive so as to create a hostile environment.

51. Defendants incorporate by reference all Affirmative Defenses raised by all other parties as if fully rewritten herein.

52. In the event Defendants are held liable to Plaintiffs and/or any alleged aggrieved person, which liability is expressly denied, then Defendants lacked the requisite state of mind in order for Plaintiff to be entitled to punitive damages herein, and imposition of punitive damages under the facts and circumstances of this case would violate the First and Fourteenth Amendments to the Constitution of the United States, as well as the Constitution of the State of Ohio.

53. In the event Defendants are held liable to Plaintiff and/or any alleged aggrieved person, which liability is expressly denied, then ORC §2315.21 is constitutional and applies or may apply to this action.

54. Inasmuch as Plaintiff and/or any alleged aggrieved person has alleged an entitlement to punitive damages herein, Defendants are or may be entitled to bifurcation in accordance with ORC §2315.21(B) and/or Federal Rule of Civil Procedure 42.

55. The claims brought forth are or may be outside of the deadlines established in 42 U.S.C. §3614(b).

56. Any alleged aggrieved person, upon whose behalf Plaintiff brings this suit, has failed to exhaust administrative remedies.

57. Defendants deny that Defendant Lucas was engaged as or acted as their agent for any purpose at any time related to the underlying facts of this case. Further, even in the event Defendant Lucas is determined to be their agent, they deny any and all knowledge of the complained of acts and/or Defendant Lucas acted outside the course and scope of any such alleged agency and/or his acts did not benefit the interest of Defendants in any fashion or form and/or they have not ratified his acts.

58. Defendants have not voluntarily waived any defense they may have in this action, and reserve the right to amend their Answer to include such defenses after additional investigation and discovery.

**WHEREFORE,** Defendants demand that Plaintiff's Second Amended Complaint be dismissed and that they be awarded their costs of defense expended herein, without delay.

Respectfully submitted,

*/s/ Bruce A. Curry*
Bruce A. Curry (0052401)
Lisa C. Haase (0063403)
Trent M. Thacker (0092058)
CURRY ROBY, LLC
30 Northwoods Blvd., Ste. 300
Columbus, Ohio 43235
T: 614.430.8887 F: 614.430.8890
E: bcurry@curryroby.com
E: lhaase@curryroby.com
E: tthacker@curryroby.com


*/s/ John P. LaVelle*
John P. Lavelle
LAVELLE AND ASSOCIATES
449 E. State Street
Athens, Ohio 45701
T: 740.593.3348
F: 740.594.3343
E: jlavelle@johnplavelle.com

*Trial Attorneys for Defendants*
*Joie Carr and Jeremy Carr*


## JURY DEMAND

Defendants hereby demand trial by jury on all issues so triable.

*/s/ Bruce A. Curry*
Bruce A. Curry (0052401)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served via email and/or by the Clerk's electronic notice system upon the following on September 20, 2024.

Michael J.T. Downey, Esq.
Matthew J. Horwitz, Esq.
Assistant U.S. Attorneys
United States Attorney's Office
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Michael.downey@usdoj.gov
Matthew.Horwitz@usdoj.gov

Erin Meehan Richmond, Esq.
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
erin.richmond@usdoj.gov

Lori K. Wagner, Esq.
Housing and Civil Enforcement Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwest Building, 7th Floor
Washington, DC 20530
lori.wagner@usdoj.gov

*Attorneys for Plaintiff*

David H Thomas, Esq.
Amy D. Vogel, Esq.
Taft Stettinius & Hollister LLP
41 South High Street, Suite 1800
Columbus, Ohio 43215
dthomas@taftlaw.com
avogel@taftlaw.com
*Attorneys for Defendant Joseph Earl Lucas*

Sky Pettey, Esq.
Lavelle and Associates
449 East State Street
Athens, Ohio 45701
sky@johnplavelle.com
*Attorney for Defendant Jacob Bush*

                                      */s/ Bruce A. Curry*
                                      Bruce A. Curry (0052401)

*/s/ Bruce A. Curry*
Bruce A. Curry (0052401)