# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSEPH EARL LUCAS, ET AL., Defendants. | CASE NO.: 2:23-cv-02813-MHW-CMV STIPULATION AND ORDER REGARDING DISCOVERY |

## STIPULATION AND ORDER REGARDING DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(f) and Southern District of Ohio Local Rule 26.1, Plaintiff, United States of America, and Defendants, Joseph Earl Lucas, Jacob Bush, Emily Bush, Joie Carr, and Jeremy Carr (each a "Party" and collectively, the "Parties") have entered into this Stipulation governing obligations concerning preservation and production of documents as a supplement to the Federal Rules of Civil Procedure, Court Orders, and any other applicable rules or law to reduce the time, expense, and other burdens of discovery of documents, things, and electronically stored information ("ESI").

**I. Preservation**

    A. The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor waiving any claim of privilege.

    B. This Stipulation and Order does not modify any Party's obligation to maintain and preserve documents, things, and ESI where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

1

    C. For purposes of preservation and production, "United States" means the United States Attorney's Office for the Southern District of Ohio and the Housing and Civil Enforcement Section of the Civil Rights Division of the United States Department of Justice.

**II. Limitations on Obligation to Preserve and Produce**

Subject to § IV.A, the Parties agree to limit preservation as described in this section.

    A. The Parties do not need to take specific, affirmative steps to preserve:

1. Delivery or read receipts of e-mail;
2. Logs of or other data from audio calls (including landline phones, mobile devices, and Voice Over Internet Protocol (VOIP)) made to or from (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case;
3. Logs or other data from video-conferencing tools (*e.g.*, Skype or Zoom) involving (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case;
4. Voicemail messages on the voicemail systems of (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case;
5. Temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;
6. Internally-facing server system logs;
7. Externally-facing or hosted file sharing system logs;
8. System data from photocopiers or fax machines;
9. Auto-saved copies of electronic documents;

10. Deleted, slack, fragmented, or other data only accessible by forensics;

11. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; or

12. Documents, things, or ESI, including internal communications, drafts, versions, and collaboration on case-related work, created by and/or exchanged solely among: 1) attorneys or staff within the United States Department of Justice; 2) attorneys or staff of counsel of record for any Defendant; 3) attorneys or staff of the United States Department of Justice and attorneys or staff of other government agencies; and/or 4) attorneys or staff for the United States, counsel of record for any Defendant, and/or counsel of record for private parties in related litigation or who intervene in this case.

B.  The Parties do not need to preserve all duplicate copies[1] of relevant ESI, as follows:

1.  ESI existing or stored on mobile or portable devices (*e.g.*, smartphones, tablets, thumb drives, CDs, DVDs, etc.) or file sharing sites does not need to be preserved, provided that duplicate copies of the ESI, including metadata, are preserved in another location reasonably accessible to the Party.

2.  ESI on backup tapes, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration and are not reasonably accessible ("Backup Systems") do not need to be preserved provided that duplicate copies of relevant ESI have been preserved in another

---

[1] "Duplicates" are copies of identical documents identified with matching MD-5 hashes, which is a mathematically calculated 128-bit value used to create a unique identifier for an electronic file, that exist in more than one location.

3

reasonably accessible location. However, if a Party knows that relevant ESI exists only on a Party's Backup System—for instance, the Backup System for a device that has been lost, stolen, reformatted, or otherwise rendered unreadable—the Party will take reasonable steps to preserve ESI on the Backup System until the Parties can agree on how and when the ESI will be preserved or produced. If the Parties cannot reach agreement, they will seek a ruling from the Court.

C. The Parties agree not to seek discovery of documents, things, and ESI that they have agreed not to preserve pursuant to this section.

## III. Identification & Production of Documents, Things, and ESI

A. Production Format

1. ESI and hard copy paper documents will be produced in "load ready" format as specified herein.

2. Each hard copy paper document must be scanned and produced in electronic form as specified herein.

3. ESI must be processed with e-discovery software that extracts metadata and text and converts the document to image format that accurately represents the full contents of the document.

4. For ESI and scanned hard copy paper documents, black and white images shall be scanned or converted to single page Tagged Image File Format ("TIFF"), using CCITT Group IV compression at 300 d.p.i. and that accurately reflects the full and complete information contained in the original document. One image file shall represent one page of the document. Color

4

content shall be produced as JPEG files at 300 d.p.i. using a high-quality setting. Nothing in this provision prevents a Party from scanning, converting, and/or producing documents or content as color images.

5. For ESI and scanned hard copy paper documents, the text of all pages in the document must be saved as one file. If the extracted text of a native document does not exist or does not represent the entire document, Optical Character Recognition (OCR) will be provided instead.

6. Where paper files or file folders (such as tenant files or employee files) contain multiple, separate, individual documents, each separate individual document and the folder cover itself must be scanned and produced as separate documents with the Beg Attach and End Attach fields set to treat the contents of the physical folder as a Document Family. (*See* Appendix A.)

7. Metadata must be preserved and produced for the fields listed in Appendix A.

8. Global deduplication will be used to remove exact duplicate documents from the production at the family level: *i.e.*, the Parties will take reasonable steps to not remove or delete attachments even if duplicated elsewhere in the production. The Parties agree to use MD-5 hash values for deduplication and calculate those values for all ESI at the time of collection or processing.

9. The Parties agree to produce all responsive non-privileged emails in each thread or chain and will not restrict productions to the most inclusive emails only.

10. It is the responsibility of the Party responding to a discovery request to identify and produce responsive information including ESI. The Parties agree

to meet and confer if any believes that the use of keyword search criteria or analytic tools should be used to identify responsive ESI.

11. All productions will provide a consistent load file with the same number and order of fields regardless of the types of documents in the production.

12. All images (*e.g.*, TIFF, JPEG) will be produced in a directory labeled IMAGES. Subdirectories may be created so that one directory does not contain more than 5000 files.

13. All native files (with the proper Windows-associated extension) will be produced in a directory labeled NATIVE. Subdirectories may be created so that one directory does not contain more than 5000 files.

14. An image cross reference file (a file in Concordance Opticon/Relativity .log format that contains Bates Numbers, paths to images, and document break indicators for all ESI in each production) and a load file containing all required metadata fields will be produced in a directory labeled DATA.

15. All extracted text and/or OCR will be produced in a directory labeled TEXT. OCR is searchable text generated for scanned documents or native files that is in ASCII format, where all pages in the document will be represented in one file. The Parties agree to provide a text file for all documents, even if the size of the file is zero. Subdirectories may be created so that one directory does not contain more than 5000 files.

16. Except for native files, the Parties will produce responsive documents Bates-stamped with a prefix to indicate the Party producing the documents (*e.g.*, USA____, LUCAS____, BUSH____, CARR____). For native files, which

6

cannot be Bates-stamped, the Parties will rename the file with an assigned Bates Number with a placeholder image in the production containing the original name of the file.

17. Specifications for Specific File Types:

    i. Audio files and video files shall be produced as native files unless the native form is a proprietary format, in which case the file(s) should be converted into a non-proprietary format that can be played using Windows Media Player. For each audio or video file, a placeholder image containing the file name shall be included in the production.

    ii. Excel or other types of spreadsheets shall be produced as native files with all cells unlocked. For each Excel or spreadsheet file, a placeholder image containing the file name shall be included in the production.

    iii. PowerPoint files shall be produced as both (1) as color images with extracted text and (2) as native files with all notes unaltered and viewable. For each PowerPoint, a placeholder image containing the file name shall be included in the production.

    iv. The Parties agree that to the extent they produce social media content (including information about the participants and the date and time of the communication, comments, "likes," sharing, and other interactions with the post(s)), they shall collect such content using an industry-standard collection tool (*e.g.*, X1, Cellebrite, or PageVault). The Parties will meet and confer before making any production attempt to

7

      agree on a reasonable and proportional form of production that maintains the integrity of the content.

    v. For production of tangible things and production of information from a structured database, proprietary software, vendor-managed software, or other source from which native production is not reasonably practicable, the Parties will meet and confer before making any production to attempt to agree on a reasonable and proportional form of production that maintains the integrity of the tangible things or documents.

    vi. Oversized documents (*e.g.*, architectural, engineering, or zoning plans) must be produced as JPEG images or in hard copy paper form so as to retain the resolution and scale of the original document.

    vii. Production of ESI and Other Documents Not Specifically Addressed by this Stipulation: The Party responding to a discovery request will promptly meet and confer with the Requesting Party to arrange for the mutually acceptable production of categories of ESI and other documents not specifically addressed by this Stipulation, including, but not limited to, databases, text messages and data from mobile devices, and web-based data. The Parties agree not to degrade the searchability or use of documents as part of the document collection or production process.

18. <u>Time Zone Standardization</u>. The Parties acknowledge that if the processing time zone for this Action is not standardized across the entire collection, then

the email metadata for custodians in the different time zones will be different, because the time (and possibly the date) would be different. As a result, two copies of the same email may fail to be de-duplicated, and the different time zones could create a convoluted chronology. To the extent reasonably practicable, the Parties agree to produce their ESI standardized to Coordinated Universal Time (UTC).

B. Production Specifications

1. Responsive documents and ESI will be produced via .zip file(s) uploaded to an electronic file transfer site, in accordance with the written instructions provided by counsel for the Requesting Party or as otherwise agreed by the Parties. In the case of documents and ESI produced by the United States, responsive information will be produced via .zip file(s) uploaded to the Justice Enterprise File Sharing System (JEFS).

2. Productions via electronic file transfer will be uploaded in a manner or otherwise clearly labeled to indicate (1) the Party producing the information, (2) the date of the production, and (3) the Bates-range(s).

3. If a Party needs to redact a portion of a document for which only a native file would be produced, the Parties will meet and confer regarding production of the redacted document.

4. The Parties agree to remove all encryption or password protection for all ESI produced or to provide passwords or assistance needed to open encrypted files.

**IV. Privileged Documents, Things, and ESI**

    A. If any discovery request appears to call for the production of documents, things or ESI the Parties have agreed not to preserve under § II.A. or B., the Responding Party is not required to produce or identify such information on a privilege log. However, if a Party preserves relevant documents, things, or ESI covered by § II.A. or B. to support a claim or defense, the Party shall produce such information or identify it on a privilege log that identifies the custodian of the document and adheres to the requirements set forth in Federal Rule of Civil Procedure 26(b)(5), notwithstanding this subsection.

    B. Inadvertent Disclosure of Privileged or Protected Information.  The Parties agree that inadvertent disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, attorney work product protection, common interest in litigation privilege, and/or applicable governmental privileges shall be treated identically to inadvertent disclosure of Protected Information pursuant to paragraph 6 of the Stipulated Confidentiality Agreement and Protective Order entered in this case.  (*See* ECF No. 9.)

**V. Miscellaneous**

    A. Each Party shall bear the costs of producing its own documents, things, and ESI.

    B. This Stipulation may be executed in counterparts.

    C. The terms of this Stipulation and Order are not exhaustive.  Notwithstanding the requirements of this Stipulation and Order, each Party reserves the right to request to meet and confer to address any discovery matters, including alternative forms of production or matters not addressed herein.  Any resolution reached as part of a meet

and confer, as confirmed in writing between counsel, shall take precedence over this Stipulation and Order.

D. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request.

**IT IS SO ORDERED this _____ day of _____, 2024.**

_____
**HON. CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE**

Respectfully Submitted,

| | |
|---|---|
| KENNETH L. PARKER<br>United States Attorney | JOSEPH EARL LUCAS<br>Defendant |
| */s/ Matthew J. Horwitz*<br>MICHAEL J.T. DOWNEY<br>MATTHEW J. HORWITZ<br>Assistant United States Attorneys<br>United States Attorney's Office<br>Southern District of Ohio<br>303 Marconi Boulevard, Suite 200<br>Columbus, OH 43215<br>Phone: (614) 469-5717<br>Phone: (513) 684-6823<br>E-mail: michael.downey@usdoj.gov<br>E-mail: matthew.horwitz@usdoj.gov | */s/ David H. Thomas*<br>DAVID H. THOMAS (0071492)<br>AMY D. VOGEL (0075169)<br>Taft Stettinius & Hollister LLP<br>41 South High Street, Suite 1800<br>Columbus, OH 43215<br>Phone: (614) 334-6199<br>Phone: (614) 334-7138<br>Fax: (614) 221-2007<br>E-mail: dthomas@taftlaw.com<br>E-mail: avogel@taftlaw.com<br><br>*Attorneys for Defendant Joseph Lucas* |
| | JACOB BUSH and EMILY BUSH<br>Defendants |
| | */s/ Sky Pettey*<br>SKY PETTEY (0072041)<br>ROBERT R. RITTENHOUSE (0079276)<br>Lavelle and Rittenhouse LLC<br>449 East State Street, First floor<br>Athens, OH 45701<br>Phone: (740) 593-3348<br>Fax: (740) 594-3343<br>E-mail: rusty@johnplavelle.com<br>E-mail: sky@johnplavelle.com<br><br>*Attorneys for Defendants*<br>*Jacob Bush and Emily Bush* |

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


CARRIE PAGNUCCO
Chief

*/s/ Lori K. Wagner*
TIMOTHY J. MORAN
Deputy Chief
ERIN MEEHAN RICHMOND
LORI K. WAGNER
WILLISTINE TARSHA HARRIS
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW – 4CON
Washington, DC  20530
Phone: (202) 532-3906
Phone: (202) 598-9257
Phone: (202) 305-5585
Fax: (202) 514-1116
E-mail: erin.richmond@usdoj.gov
E-mail: lori.wagner@usdoj.gov
E-mail: willistine.harris@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

Date: September 27, 2024

JOIE CARR and JEREMY CARR
Defendants

*/s/ Bruce A. Curry*
BRUCE A. CURRY (0052401)
LISA C. HAASE (0063403)
TRENT M. THACKER (0092058)
Curry Roby, LLC
30 Northwoods Boulevard, Suite 300
Columbus, OH  43235
Phone: (614) 430-8887
Fax: (614) 430-8890
E-mail: bcurry@curryroby.com
E-mail: lhaase@curryroby.com
E-mail: tthacker@curryroby.com

*/s/ John P. Lavelle*
JOHN P. LAVELLE (0002815)
Lavelle and Rittenhouse LLC
449 East State Street
Athens, OH  45701
Phone: (740) 593-3348
Fax: (740) 594-3343
E-mail: jlavelle@johnplavelle.com

*Attorneys for Defendants*
*Joie Carr and Jeremy Carr*

### APPENDIX A: Fields for Which Metadata must be Preserved and Produced

| Field Name | Definition | Applicability |
|---|---|---|
| **Begin_Bates** | Bates Number for the first image of a document (or the Bates Number of the placeholder page for a native document). | All documents and ESI |
| **End_Bates** | Bates Number for the last image of a document (or the Bates Number of the placeholder page for a native document). | All documents and ESI |
| **Begin_Attach** | Bates Number for the first image of the first attachment or embedded file. | Only document families[2] |
| **End_Attach** | Bates Number for the last image of the last attachment or embedded file. | Only document families |
| **Parent ID** | Bates Number of the parent document. | Only "child" documents |
| **PgCount** | The number of images produced for this document (1 for placeholder). | All documents and ESI |
| **All Paths (Defendants Only)** | Path to location from which original file was collected. If production was deduplicated, include all file paths from which original files were collected. | All documents and ESI |
| **Custodian** | The person who maintains custody of the document or email. | All documents and ESI |
| **All Custodians** | Semi-colon delimited list of all custodians with custody of the file within the collected data set. | All documents and ESI |
| **From** | "From" field in email. | Only emails |
| **To** | "To" field in email. | Only emails |
| **CC** | "CC" field in email. | Only emails |
| **BCC** | "BCC" field in email. | Only emails |
| **Subject** | "Subject" field in email. | Only emails |
| **Attachments** | File names of the attachments. | Only emails |
| **DateSent** | DateSent field from email. Include both date and time (format: 9/28/2012 1:16 PM or 9/28/2012 13:16:34). | Only emails |
| **Redacted** | "Yes" if the document has been redacted. | All documents and ESI |
| **Confidential** | Confidential Designation (if any). | All documents and ESI |
| **MD5Hash** | The MD5 hash value calculated when the file was collected or processed. | Only ESI (not scanned paper documents) |

---

[2] Document Family means a group of related documents, including: (1) paper documents that were grouped together or physically attached by clips, staples, binding, folder, etc.; (2) email with its attachment(s); and (3) files with embedded documents.

| Field Name | Definition | Applicability |
|---|---|---|
| **Prod_FilePath** | The path to the native file on the production media. | Only ESI (not scanned paper documents) other than emails or text messages |
| **Native_FileName** | Original name of the native file when the file was collected or processed. | Only ESI (not scanned paper documents) |
| **Text FilePath** | Path to the text file on the production media. | All documents and ESI |