UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                      **Civil Action 2:23-cv-2813**
                                              **Judge Michael H. Watson**
**JOSEPH EARL LUCAS,** *et al.***,**         **Magistrate Judge Chelsey M. Vascura**

      **Defendants.**

## ORDER

    This matter came before the Court on January 14, 2025, for a telephonic discovery conference. All parties appeared and were represented by counsel. This Order memorializes the results of that conference.

    Plaintiff and Defendant Joseph Lucas requested the conference to resolve several discovery disputes. During the conference, the undersigned ruled as follows:

    (1)    Lucas must respond to Plaintiff's Interrogatory Nos. 15–23. Contrary to Lucas's assertion, Plaintiff's Interrogatory Nos. 4, 6, and 8 do not contain discrete subparts because the enumerated items do not introduce distinct lines of inquiry. *Cf. Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11CV00247, 2012 WL 3527871, at *3–4 (S.D. Ohio Aug. 14, 2012). Plaintiff therefore has not exceeded the maximum number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1). Even if Plaintiff's interrogatories exceeded the maximum, the undersigned finds that Interrogatory Nos. 15–23 seek relevant, discoverable

information and that additional interrogatories would be the most efficient method of obtaining this information.

(2) Lucas must respond fully to Plaintiff's Interrogatory No. 1, seeking identification of each residential rental property that Lucas owned or managed between 2003 and 2023. Plaintiff's Second Amended Complaint alleges a pattern and practice of sexual harassment by Defendant Lucas across numerous properties he owned and/or managed; this information is thus directly relevant and proportional to the needs of the case. Contrary to Lucas's assertion, the requested information is not reasonably accessible to Plaintiff, and even if it were, "[t]he Federal Rules do not shield publicly available documents from discovery merely because of their accessibility." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015). That said, Lucas may respond to this Interrogatory by identifying (by bates number, if possible) documents that contain responsive information and/or by affirming that he can recall no further responsive information.

(3) Lucas must respond to Plaintiff's Interrogatory Nos. 18–20 and Request for Production of Documents Nos. 27–28, which seek Lucas's financial information. This information is relevant to identify potential witnesses (e.g., employees paid by Lucas and tenants who made rental payments) and to punitive damages. Contrary to Lucas's assertion, "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a *prima facie* showing that he is entitled to recover such damages." *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001). And even if Defendant Lucas intends to move to bifurcate the trial, that does not require bifurcation of discovery. However, the time period for these requests will be limited to the past

five years, as offered by Plaintiff, if the requests are not already limited to a time period of five years or less.

(4) Lucas must supplement his discovery responses to clarify whether he is withholding any responsive documents in compliance with Rule 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

(5) Plaintiff need not supplement its initial disclosures as to damages at this time. The bulk of Plaintiff's alleged damages are non-economic emotional distress and punitive damages, and "courts have generally recognized that emotional distress and punitive damages are typically not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii), and have held that the failure to disclose a number or calculation for such damages was substantially justified." *Evenson v. Palisades Collection, LLC*, No. 2:13-CV-1226, 2014 WL 5089429, at \*4 (S.D. Ohio Oct. 9, 2014) (collecting cases). As to economic damages, Plaintiff represented that it is not currently withholding any documents or information. Plaintiff must supplement with computations and documents supporting its claims for economic damages as it acquires additional relevant information under FRCP 26(e)(1)(A).

Lucas raised two further issues that are not currently ripe for Court intervention. First, Lucas contends that Plaintiff's privilege log is deficient, but Plaintiff has already agreed to provide a revised privilege log. If Lucas finds that the revised log remains deficient, and if the parties reach impasse after meeting and conferring about those deficiencies, Lucas may request another conference with the Court. Second, Lucas requested Plaintiff's consent to a motion to file under seal the service returns of several subpoenas served on nonparties by Plaintiff, but Plaintiff does not believe filing the returns is necessary. If Lucas wishes to file any documents under seal, he must file a motion on the docket to that effect (though the undersigned provided

guidance during the conference that filing the returns was unecessary unless Lucas intends to rely on the returns in support of motion practice).

Finally, although not raised in the initial conference request, Defendants Jeremy and Joie Carr submitted a position statement contending that they should not have to respond to Plaintiff's discovery requests on grounds of relevance and proportionality. However, Plaintiff and the Carrs confirmed during the conference that they have not yet conferred or exhausted extrajudicial means of resolving these disputes as required by the Preliminary Pretrial Order and S.D. Ohio Civ. R. 37.1. If the parties reach impasse after complying with these requirements, they may request another informal conference.

In sum, Plaintiff's Oral Motion to Compel further discovery from Defendant Lucas is **GRANTED**, Defendant Lucas's Oral Motion to Compel further discovery from Plaintiff is **DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART**, and the Carr Defendants' Oral Motion for Protective Order is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE